NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES LEONARD REYNAGA ESTELLA, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No. 18-71821 <br><br> Agency No. A046-871-093 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 13, 2021
Pasadena, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and EZRA,[**] District Judge.

Petitioner James Leonard Reynaga Estella ("Petitioner") is a native and citizen of Peru. He petitions for review of an order of the Board of Immigration Appeals ("BIA") in which the BIA: (1) dismissed his appeal of the decision of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Immigration Judge Lee A. O'Connor ("IJ O'Connor"), denying his application for asylum and withholding of removal, and (2) denied his claim that IJ O'Connor violated his right to procedural due process claim. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denials of asylum and withholding for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and the due process determination *de novo*, *Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1222 (9th Cir. 2002), and deny the petition.

Because the parties are familiar with the facts and history of this matter, we repeat them only briefly. After he was charged with removability, Petitioner applied for asylum and withholding of removal relief in 2006 based on membership in a protected social group. He was denied relief in proceedings before Immigration Judge Ted. A. White ("IJ White"). Since then, we have remanded Petitioner's case to the BIA twice, most recently in 2015 "to determine the impact, if any," of

> this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), [and] the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).

*Estella v. Holder*, 598 F. App'x 527, 527–28 (9th Cir. 2015). Following that remand, the BIA sent the case to IJ O'Connor "for further proceedings not

inconsistent with the Ninth Circuit's order" and observed that "further fact-finding may be needed." IJ O'Connor held hearings on April 6, 2016, and November 17, 2016, and denied Petitioner relief on January 5, 2017. The BIA affirmed IJ O'Connor's decision and rejected Petitioner's claim that IJ O'Connor prejudicially violated Petitioner's due process rights by exhibiting bias in the November 17, 2016 hearing and refusing to accept additional testimony and other evidence after deadlines had passed.

To qualify for asylum, an applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" he faces persecution in his home country. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1101(a)(42) (defining "refugee"). Particular social group claims require the applicant to "establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Petitioner applied for protection based on membership in one or more of the following particular social groups: youth at risk of being victimized by gangs in a gang infested area; affluent military families; and family members of military personnel who are threatened by Sendero Luminoso and gangs.

3

The BIA did not err in rejecting Petitioner's first proposed group—youth at risk of being victimized by gangs in a gang infested area—as not cognizable because youth is not an immutable characteristic and the group lacks particularity. *Cf. Nguyen v. Barr*, 983 F.3d 1099, 1103–04 (9th Cir. 2020) (rejecting proposed group of "known drug users" as "amorphous, overbroad, diffuse, or subjective"). The BIA also appropriately dismissed Petitioner's second proposed particular social group—affluent military families—because it also lacks an immutable characteristic, and because Petitioner failed to explain how this group might be defined with particularity in a way that would include Petitioner, whose grandfather is his closest family military tie. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016); *see Cordoba v. Barr*, 962 F.3d 479, 483 (9th Cir. 2020). The BIA also properly rejected the third particular social proposed group— family members of military personnel who are threatened by Sendero Luminoso and gangs—as lacking social distinction because Petitioner did not present sufficient evidence that Peruvian society "'recognizes the unique vulnerability' of that group." *Diaz-Torres v. Barr*, 963 F.3d 976, 980–82 (9th Cir. 2020) (quoting *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc)).

Moreover, substantial evidence supports the BIA's conclusion that Petitioner did not establish a nexus between any of his proposed particular social groups and the asserted persecution. *See Reyes*, 842 F.3d at 1132 (treating the nexus

4

requirement as "distinct from" the social group determination). Substantial evidence in the record supports IJ O'Connor's determination that Petitioner's encounters with gangs were not on account of his membership in any particular social group. Rather, he was either a victim of indiscriminate crime common to the area or targeted by gangs because of his membership in a rival gang, or some combination of the two. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Petitioner's claim that his due process rights were violated by IJ O'Connor's handling of the November 17, 2016 hearing also falls short. Noncitizen asylum-seekers are entitled to full and fair removal proceedings, but they must demonstrate prejudice to prevail on a procedural due process challenge. *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Prejudice "means that the outcome of the proceeding may have been affected by the alleged violation." *Zetino*, 622 F.3d at 1013 (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)). IJ O'Connor made concerning comments during the hearing. However, even if Petitioner could demonstrate bias from these comments or from IJ O'Connor's decision to reject late-submitted evidence, Petitioner cannot prove prejudice because Petitioner failed to show that the outcome would have been different with an unbiased IJ, or that the evidence he wanted to admit would

5

have addressed the deficiencies in his claims for asylum and withholding of removal. And, a "harsh manner and tone" alone is insufficient to prove a due process violation. *Antonio-Cruz v. I.N.S.*, 147 F.3d 1129, 1131 (9th Cir. 1998); *see also Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (deeming "expressions of impatience, dissatisfaction, annoyance, and even anger" insufficient for a judicial bias finding).

**PETITION DENIED.**